IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02983-GPG

MICHAEL DESTRY WILLIAMS,

    Applicant,

v.

RENE G. GARCIA,

    Respondent.

---

ORDER OF DISMISSAL

---

    Applicant, Michael Destry Williams, filed a document titled "Petition for Writ of Habeas Corpus" (ECF No. 1).  The petition is signed by a Stephen John Nalty, who is not a party to this lawsuit, and Mr. Williams only provided the address for Stephen John Nalty on the petition.  Mr. Williams has paid the $5.00 filing fee.

    The clerk of the Court initiated the instant action as a habeas corpus action pursuant to 28 U.S.C. § 2241, because Ms. Williams alleged that "[n]o criminal action has been commenced against Petitioner by the filing of an affidavit/complaint."  ECF No. 1 at 2.  However, Mr. Williams asserted that he currently is incarcerated at the Federal Correctional Institution at Englewood (FCI-Englewood), located in Littleton, Colorado, and provided a prisoner registration number of 39714-013.  According to the Federal Bureau of Prisons (BOP) website, www.bop.gov, Mr. Williams is a prisoner in the custody of the BOP who currently is incarcerated at the FCI-Englewood, and his prisoner registration number is 39714-013.

    As relief Mr. Williams asked for his immediate discharge from custody and

money damages.

On November 6, 2014, Magistrate Judge Boyd N. Boland entered an order to clarify, cure, and show cause informing Mr. Williams that he may not assert claims for money damages against prison officials in a habeas corpus action. *See Licon v. Ledezma*, 638 F.3d 1303, 1311 (10th Cir. 2011) (habeas corpus is limited to challenges to "the execution of a sentence"), and *cf. Muhammad v. Close*, 540 U.S. 749, 750 (2004) (habeas corpus is not meant to provide compensation for the "circumstances of confinement").

In the November 6 order, Magistrate Judge Boland noted that Applicant, named Michael Destry Williams in the instant action, appeared to be the same person as Michael Destry Williams, the named defendant in *United States v. Williams*, No. 12-cr-00140-CMA-1 (D. Colo. Mar. 10, 2014). In No. 12-cr-00140-CMA-1, the defendant was convicted on charges of tax evasion, under 26 U.S.C. § 7201, and aiding and abetting, under 18 U.S.C. § 2, and sentenced to seventy-one months of imprisonment and three years of supervised release.

The November 6 order directed Applicant to clarify in writing within thirty days whether he is the same person as Michael Destry Williams, the named defendant in No. 12-cr-00140-CMA-1. The November 6 order pointed out that if Applicant in the instant action and the defendant in No. 12-cr-00140-CMA-1 are the same individual, Applicant also would be directed to show cause within thirty days why the instant habeas corpus application should not be denied and the action dismissed, because in order to challenge his conviction and seek his discharge from custody he must file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence in a separate action.

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), Magistrate Judge Boland determined that the submitted document titled "Petition for Writ of Habeas Corpus" was deficient, and directed Applicant to cure certain enumerated deficiencies within thirty days if he wished to pursue any claims in this Court in this action. The November 6 order noted that the habeas corpus petition was not filed on the proper form, was missing an original signature by Mr. Williams, and failed to provide addresses for all parties to the lawsuit. The November 6 order also noted that the only proper Respondent in a habeas corpus action is Applicant's current warden, superintendent, jailer or other custodian.

The November 6 order directed Mr. Williams to obtain the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and to use that form in curing the designated deficiencies. Magistrate Judge Boland informed Mr. Williams that if he failed to clarify, show cause, and cure the designated deficiencies as directed within the time allowed, the action would be dismissed without further notice.

On November 12, 2014, Mr. Williams filed an unsigned document titled "Mandatory Judicial Notice" (ECF No. 7) with a certificate of service signed by Stephen Nalty and a return address for Stephen Nalty. On November 17, 2014, Mr. Williams filed a document titled "Writ Quo Warranto" (ECF No. 9) signed by Stephen John Nalty. On December 1, 2014, he filed an unsigned document titled "Notice and Demand for the Honorable Court to Declare Publicly that it Lacks Competence Absent Subject Matter and Personal Jurisdiction to Hear and Determine All Civil and Criminal Causes Brought Before It by Various Parties at All Times Pertinent While Harboring Persons Holding

3

Federal Commissions Under False Pretenses in Violation of 18 U.S.C. § 912" (ECF No. 10). He also submitted a pamphlet titled "In the Supreme Court of the United States" (ECF No. 11).

Mr. Williams has failed within the time allowed to respond as directed to the November 6 order to clarify, cure, and show cause. Therefore, the habeas corpus petition and the action will be dismissed for failure to comply with the November 6 order.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. See *Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Williams files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the document titled "Petition for Writ of Habeas Corpus" (ECF No. 1) is denied and the action dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Michael Destry Williams, within the time allowed to respond as directed to the order of November 6, 2014, to clarify, cure, and show cause. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot. It is

FURTHER ORDERED that the clerk of the Court mail a copy of this order to Applicant at both the Federal Correctional Institution at Englewood, and in care of Stephen John Nalty.

DATED at Denver, Colorado, this   16th   day of    December   , 2014.

BY THE COURT:


　　　s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court